SILBERMAN, Judge.
The State appeals an order suppressing evidence in this prosecution for making a false report of child abuse. We affirm.
On March 13, 2002, the State filed an information against appellee Antonia White and alleged that on September 21, 2001, White “knowingly, willfully, and maliciously” made a false report of child abuse in violation of section 39.205(6), Florida Statutes (2001). White filed a motion to suppress, alleging that the Department of Children and Family Services (the Department) and a detective with the St. Petersburg Police Department acted illegally and violated section 39.202(4) by making an audiotape of her child abuse hotline call available to the subjects of the *595 abuse report, a father and daughter. White asserted that the tape was played for the father and daughter in order that they might identify the voice on the tape.
Following a hearing, the trial court entered an order suppressing the audiotape of the hotline call, any transcript of the call, the voice identification of White as the caller, and statements that White made to the police after she was questioned as a result of the identification made by the father and daughter. The State appeals this suppression order.
On September 21, 2001, White made an anonymous call to the Department’s central abuse hotline and was assured that the call was confidential and that her name would not be disclosed to the alleged perpetrator of the abuse, the father. David Motta, a child protective investigation supervisor with the Pinellas County Sheriffs Office, testified at the suppression hearing that the Department investigated and determined that the report was unfounded. The father then contacted Motta to find out who made the report, and Mot-ta told the father that he could not disclose that information.
Motta testified at the suppression hearing that the law prohibited him from disclosing identifying information to an alleged perpetrator. He also testified that he did not feel that the call warranted referral to law enforcement as a false report because it was a first report and there had not been a pattern of reports that would indicate harassment. He explained ■that many times reports are determined to be unfounded but that does not'mean that someone is harassing the alleged perpetrator.
After Motta refused to provide the father with information regarding the identity of the caller, the father went to the St. Petersburg Police Department. At the father’s urging to prosecute a complaint of making a false report of child abuse, Detective George Lofton obtained an audiotape of the hotline call from the Department. Detective Lofton played the tape for the father and daughter so that they might identify the voice. After hearing the tape, they identified White as the caller. The police confronted White with this identification, and she admitted that she made the call and made additional statements .to the police. White was then charged.
We agree with the trial'court’s conclusion that law enforcement was prohibited from publishing a copy of the anonymous central abuse hotline call to the 'father and daughter for the purpose of identifying the caller. Section 39.202(1) provides that all calls to the hotline are confidential. Section 39.202(4) provides for limited release of the name of the person reporting the abuse. The name may be released without the written consent of the person reporting the abuse to Department employees responsible for child protective services, the central abuse hotline, law enforcement, the child protection team (defined in chapter 39), or the appropriate state attorney, but the statute does not allow disclosure to the alleged. perpetrator. § 39.202(4). A person who knowingly and willfully discloses confidential information from the abuse hotline to an unauthorized person is guilty of a second-degree misdemeanor. §§ 39.202(7), 39.205(3).
Section 39.205(6) provides that “[a] person who knowingly and willfully makes a false report of child abuse” is guilty of a third-degree felony. Section 39.01(27) defines “false report” as “a report of abuse, neglect, or abandonment of a child to the central abuse hotline which report is maliciously made” for specified purposes such as harassment or acquiring custody of a child. Significantly, the statute places the burden on the Department to determine if a false report has been made. See *596 § 39.205(4), (5). If the Department determines that a report is false, then it shall refer the report to law enforcement. § 39.205(5).
The State contends that individuals who make false reports should not receive the benefit of confidentiality. However, when Detective Lofton published the information, there had been no determination that a false report had been made. Additionally, section 39.206(9) provides as follows:
A person who is determined to have filed a false report of abuse, abandonment, or neglect is not entitled to confidentiality. Subsequent to the conclusion of all administrative or other judicial proceedings concerning the filing of a false report, the name of the false reporter and the nature of the false report shall be made public, pursuant to s. 119.01(1). Such information shall be admissible in any civil or criminal proceeding.
Thus, when it has been determined that a person made a false report, that person is no longer entitled to confidentiality.
Detective Lofton’s playing of the audiotape for the father and daughter violated section 39.202. Although Detective Lofton did not disclose the “name” of the caller, we agree with the trial court’s analysis that disclosure of the audiotape with the identifying characteristics of the caller’s voice was tantamount to disclosing the caller’s name. In fact, the specific reason that Detective Lofton gave for playing the tape for the father and daughter was to determine the identity, or name, of the caller.
A paramount concern of chapter 39 is the health and safety of children and the corresponding protection of children from abuse, abandonment, and neglect. See § 39.001(l)(b)(l), (3)(a). To disclose the identity of an anonymous child abuse reporter to the alleged perpetrator, before the report is determined to be false, would undermine the purpose of chapter 39 to encourage the reporting of child abuse and would likely result in a chilling effect on such reporting. However, once the Department determines that a person has made a false child abuse report, then the person loses the confidentiality protections of chapter 39.
Pursuant to the statutory framework, White’s confidential call was improperly disclosed to the father and daughter. Accordingly, we affirm the trial court’s order suppressing the evidence. Affirmed.
ALTENBERND, C.J., and WALLACE, J., Concur.